

FILED
MAR 16 2015
CLERK, U.S. DISTRICT COURT
RICHMOND, VA

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

BRIAN L. WALTON, SR., )
       Plaintiff, )
v. ) Civil Action No. 3:14CV450–HEH
DAVID ROSS, *et al.*, )
       Defendants. )

## MEMORANDUM OPINION
### (Dismissing With Prejudice 42 U.S.C. § 1983 Action)

Brian L. Walton, Sr., a Virginia inmate proceeding *pro se*, filed this 42 U.S.C. § 1983[1] action ("Complaint," ECF No. 1). The matter is before the Court for evaluation pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. For the reasons stated herein, Walton's Complaint will be dismissed.

### I. Background

On or about February 20, 2014, a jury in the Circuit Court of Middlesex County ("Circuit Court") convicted Walton for violating a protective order through an act of violence. See Walton v. Riddick, No. 3:14CV451–HEH, 2015 WL 236821, at *2 (E.D. Va. Jan. 16, 2015) (citing Commonwealth v. Walton, No. CR13000217–00 (Va. Cir. Ct.

---

[1] The statute provides, in pertinent part:

> Every person who, under color of any statute ... of any State ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law....

42 U.S.C. § 1983.

May 1, 2014)). In a rambling Complaint, Walton alleges that the Defendants, David Ross, Whonda Johnson Ross, and Blake Ross, have antagonized Walton and his family as part of a vast conspiracy to "run the Waltons off their property." (Compl. at 4.) Specifically, Walton contends that "David Ross has harassed [his] elderly parents with the help of Chriss Riddick" and "trespassed on [their] property." (*Id.* at 4–5.) Walton further alleges that "David Ross and Blake Ross put video cameras facing [his family's] dock and [] private right of way to stalk [the family], and put censors on the side of the road to alert them when [Walton and his family] left so they could vandalize [the] property." (*Id.*) Additionally, Walton alleges that "Riddick [obtains] prescriptions for narcotics for Whond[a] Johnson Ross," and "[t]hen David Ross delivers them to Chriss Riddick where he dispute [sic] them with help of his wife Stacey Page Riddick [who] works at the local high school." (*Id.* at 4.) According to Walton, Commonwealth's Attorney Michael T. Hurd is complicit in this conspiracy, as Hurd dismissed trespassing charges against David Ross and obtains convictions because "Chriss Riddick tells [Hurd] who he is selling to." (*Id.*)

Walton demands $600,000 in damages. (Compl. at 6.) For the reasons stated herein, Walton's Complaint will be dismissed.

## II. Standard of Review

Pursuant to the Prison Litigation Reform Act ("PLRA"), this Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see* 28 U.S.C. § 1915A. The first standard includes claims based upon "'an indisputably

2

meritless legal theory,'" or claims where the "'factual contentions are clearly baseless.'" *Clay v. Yates*, 809 F. Supp. 417, 427 (E.D. Va. 1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). The second standard is the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (second alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* (citations omitted). Instead, a plaintiff must allege facts sufficient

"to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp.*, 550 U.S. at 556). In order for a claim or complaint to survive dismissal for failure to state a claim, therefore, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes *pro se* complaints, it will not act as the inmate's advocate and develop, *sua sponte*, statutory and constitutional claims that the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. Analysis

In order to state a viable claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under color of state law deprived him or her of either a constitutional right or a right conferred by a law of the United States. *See Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 658 (4th Cir. 1998). Walton fails to allege

anyfacts indicating that Defendants are state actors subject to suit under § 1983.[2] Accordingly, Walton's claims against Defendants will be dismissed.

**A. Motion to Amend**

On December 16, 2014, the Court received Walton's Motion to Amend (ECF No. 16). "Under Rule 15(a) leave to amend shall be given freely, absent bad faith, undue prejudice to the opposing party, or futility of amendment." *United States v. Pittman*, 209 F.3d 314, 317 (4th Cir. 2000) (citations omitted). Walton seeks to amend his claims to include that "Michael T. Hurd . . . dismissed eleven trespassing charges against David Ross. . . . On the twelfth trespassing [Ross] attempted to run my elderly father over with a truck on our property." (Mot. to Amend at 1.) He also alleges that "Hurd is clearly working for Mr. Ross and Mr. Riddick" and "Hurd is clearly corrupt and excepting [sic] money for his services." (*Id.*) Walton also submits several exhibits supporting his new claims. (*See* Mot. to Amend, ECF Nos. 16–1 to 4, Exs. 1–4 thereto.)

Walton declined to list Hurd as a defendant in this matter. Walton also fails to move to amend the case to add Hurd as a Defendant in his Motion to Amend. Even had Walton properly named Hurd as a defendant in the instant case, Hurd is entitled to absolute immunity. "[A] prosecutor enjoys absolute immunity from § 1983 suits for damages when he acts within the scope of his prosecutorial duties." *Imbler v. Pachtman*,

---

[2] To the extent Walton alleges that a conspiracy exists among Defendants, he fails to state any plausible claim of a conspiracy to deprive him of his civil rights under 42 U.S.C. § 1985. Because Walton's allegation of conspiracy "amounts to no more than a legal conclusion, on its face it fails to assert a plausible claim." *Francis v. Giacomelli*, 588 F.3d 186, 197 (4th Cir. 2009) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009); *Gooden v. Howard Cnty., Md.*, 954 F.2d 960, 969–70 (4th Cir. 1992)); *see Capoqrosso v. Supreme Court of N.J.*, 588 F.3d 180, 184–85 (3d Cir. 2009) (dismissing conclusory allegations of a conspiracy) (citing *Crabtree v. Muchmore*, 904 F.2d 1475, 1480–81 (10th Cir. 1990)).

424 U.S. 409, 420 (1976) (citations omitted). Prosecutorial immunity extends to actions taken while performing "the traditional functions of an advocate," *Kalina v. Fletcher*, 522 U.S. 118, 131 (1997) (citations omitted), as well as functions that are "intimately associated with the judicial phase of the criminal process." *Imbler*, 424 U.S. at 430. Assuming *arguendo* Walton has standing to bring such a claim, Hurd's decision not to bring trespassing charges against David Ross clearly falls within the scope of his duties as a prosecutor. *Goldstein v. Moatz*, 364 F.3d 205, 215 (4th Cir. 2004). Walton fails to allege any plausible facts that indicate that Hurd acted outside his prosecutorial duties. *See Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp.*, 550 U.S. at 556). Because Hurd's actions are entitled to absolute prosecutorial immunity, Walton's amendment is futile. Accordingly, his Motion to Amend (ECF No. 16) will be denied.

### B. Motion to Appoint Counsel

On January 16, 2015, the Court received Walton's Motion to Appoint Counsel (ECF No. 18) to represent him in this action. In cases under 42 U.S.C. § 1983, the Court need not appoint counsel unless the case presents complex issues or exceptional circumstances. *See Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984). None of the issues involved here are so complex nor the circumstances so exceptional to warrant the appointment of counsel. Accordingly, Plaintiff's Motion to Appoint Counsel will be denied.

### IV. Conclusion

In light of the foregoing, Walton's claims and the action will be dismissed with prejudice. Walton's Motion to Amend (ECF No. 16) will be denied. Walton's Motion to

Appoint Counsel (ECF No. 18) will be denied. The Clerk will be directed to note the disposition of the action for the purposes of 28 U.S.C. § 1915(g).

An appropriate Order will accompany this Memorandum Opinion.

/s/
Henry E. Hudson
United States District Judge

Date: March 16, 2015
Richmond, Virginia